UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ALEXANDER STROSS** <br><br> Plaintiff, <br><br> vs. <br><br> **CENTERRA HOMES OF TEXAS, LLC & EUGENE ROWEHL** <br><br> Defendants | CIVIL ACTION #  1:17-cv-676 <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alexander Stross respectfully alleges as follows for his complaint against Defendants Centerra Homes of Texas, LLC and Eugene Rowehl.

### PARTIES

1.  Plaintiff Alexander Stross ("Plaintiff" or "Stross") is a resident of Austin, Texas.

2.  Defendant Centerra Homes of Texas, LLC ("Centerra") is a Texas limited liability company and homebuilder.  The Texas Secretary of State identifies Centerra's principal office is at 104 Bella Strada Cove, Lakeway, Texas 78734; and identifies its registered agent as Eugene Rowehl, at the same address.

3.  Upon information and belief, Defendant Eugene Rowehl ("Rowehl") is a resident of Lakeway, Texas and may be served at 104 Bella Strada Cove, Lakeway, Texas 78734.

### NATURE OF THE CLAIMS

4.  This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with Defendants' unauthorized commercial exploitation of fifty (50) of Plaintiff's federally registered architectural photographs.

1

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6. The Court has personal jurisdiction over the Defendants because they conduct business here in Texas; or, alternatively, because Defendants have availed themselves of the forum, Plaintiff's claims arise out of or result from their forum related activities, and the exercise of jurisdiction is reasonable.

7. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400 because a substantial portion of the events giving rise to this suit occurred in this District, a substantial part of the property at issue is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9. Plaintiff is an accomplished architectural photographer who has worked with some of the most respected names in Central Texas real estate, including Dick Clark Architecture, Wilson Goldrick Realtors, Gottesman Residential, John Luce Builder, and Fleetwood USA. Licensed uses of his works have appeared in publications such as *Luxury Home Magazine, Luxe, Refine* and *New Home Guide*; as well as appearing on billboards, online advertising, and on television shows, including the *Today Show*. In addition to the foregoing, Stross is a real estate broker, and formerly operated a real estate brokerage in Austin, Texas called MSI Urban Realty.

10. Defendant Centerra is a homebuilder located in Lakeway, Texas. Centerra operates a website for the purposes of advertising and selling its homes at www.centerratx.com.

11. Upon information and belief, Rowehl is the manager and chief financial officer of Centerra.

12. In or around May of 2014, Stross' brokerage MSI Urban Realty acquired four real estate listings from Centerra Homes in the Overlook – a neighborhood in Rough Hollow, which is situated in Lakeway, Texas. MSI Urban's agent Brittany Murphy acted as the listing agent for the properties. In or around early, 2015, Stross took photographs of the homes, and on February 3, 2015, uploaded the photographs into the Austin multiple listing service ("MLS") for purposes of facilitating MSI Urban's marketing efforts. All photographs were timely registered with the U.S. Copyright Office in Stross' name.[1]

13. About a week after the photographs were uploaded into the Austin MLS, the relationship between MSI Urban Realty and Centerra Homes terminated, and Stross withdrew the listings, including the photographs at issue.

14. Upon information and belief, shortly after the termination of its relationship with Stross, Centerra uploaded 50 of Stross' photographs to its website for purposes of marketing the properties. In addition, Centerra utilized 19 of the photographs in flyers for the homes in question. Centerra did not seek Stross' permission for its use of the photographs, nor offer to compensate him in any way for the use. Worse, in several instances, conspicuous copyright notices identifying Stross as the owner of the photographs were removed from the photographs in an apparent effort to facilitate and/or conceal Centerra's unauthorized use of same.

---

[1] *See* **Exhibit A** (two copyright registration certificates covering the photographs at issue, registered ion January 27, 2015 and February 3, 2015).

15. Upon information and belief, one or more of the properties at issue were sold utilizing Stross' photographs – generating significant profits for Centerra. In connection, there can be little doubt that Stross' photographs were a critical component of Defendants' marketing efforts inasmuch as real estate photography is widely regarded as ***the*** most important tool utilized to sell homes.[2]

16. Stross now brings this suit for copyright infringement.

## COUNT I:
## COPYRIGHT INFRINGEMENT

17. Plaintiff realleges and incorporates herein the foregoing paragraphs.

18. By its actions alleged above, Defendant Centerra has infringed Plaintiff's federally registered copyrights. Specifically, by copying, distributing and/or displaying Stross' photographs without Stross' consent, Centerra has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

19. Upon information and belief, Rowehl is the dominant influence in Centerra, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Rowhel is jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984).

20. Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.

---

[2] *See, e.g.*, Laure Ure, *6 Reasons Why a Professional Home Photographer is Worth the Price*, Inman (May 7, 2015) available at: http://www.inman.com/2015/05/07/6-reasons-why-a-professional-home-photographer-is-worth-the-price/ (stating "the single most important factor in selling a home is good photography.").

21.     As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court, for which Defendants are liable. 17 U.S.C. §§ 504, 505.

## COUNT II:
### FALSE COPYRIGHT MANAGEMENT INFORMATION

22.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

23.     Upon information and belief, Defendants have violated Section 1202 of the Digital Millennium Copyright Act by removing Plaintiff's so-called copyright management information ("CMI"), consisting of his copyright notices. Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate and/or conceal infringement.

24.     As a result of the foregoing, Plaintiff is entitled to actual damages plus the profits of Defendants; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4), (5) & (c).

### JURY DEMAND

25.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

Plaintiff prays for:

A.      An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B.   For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.   For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D.   An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5);

E.   Prejudgment and post-judgment interest on any damage award as permitted by law; and

F.   Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 14th Day of July, 2017

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF ALEXANDER STROSS