IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ALEXANDER STROSS,
    Plaintiff,

-vs-

CENTERRA HOMES OF TEXAS, LLC
and EUGENE ROWEHL,
    Defendants.

CAUSE NO.:
AU-17-CA-676-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Alexander Stross's Suggestion of Dismissal of Third-Party Defendant Murphy and Stross Investments, LLC (MSI) for Lack of Jurisdiction [#65], MSI's Motion to Dismiss for Lack of Jurisdiction [#66], Defendant Centerra Homes of Texas, LLC (Centerra)'s Response [#70] in opposition, and MSI's Reply [#72] in support. Having considered the documents, the governing law, the arguments of counsel, and the file as a whole, the Court now issues the following opinion and orders.

## Background

This copyright lawsuit revolves around the ownership of photographs uploaded by Stross to the Austin/Central Texas Realty Information Service (ACTRIS) and later used by Centerra, a homebuilder, to market various real estate properties. ACTRIS is a multiple listing service (MLS) accessed over the internet and used by real estate professionals to upload, search, and

disseminate real estate listings. Stross has been a participant in ACTRIS since 2006. Mot. Summ. J. [#49] at 4.[1]

Defendants allege that in early 2015, Third-Party Defendant Brittany Murphy requested Stross take photographs of several homes for use in Centerra's sales efforts. Resp. [#70] at 2–3. At that time, Murphy was both an employee of Centerra as well as a managing member of MSI. *Id.* Stross and Murphy—who is also Stross's ex-wife—appear to have been the only managing members of MSI. *Id.*

Stross agreed to take the photographs and later uploaded them to ACTRIS in January or February 2015. Second Am. Compl. [#30] at 2. Defendant contends Stross and MSI held themselves out as Centerra's brokers when submitting the photographs to ACTRIS and thereby incurred fiduciary duties owed to Centerra. Resp. [#70] at 3.

Some time later, Stross discovered his photographs had been uploaded to Centerra's website for marketing purposes and incorporated into sales flyers distributed by Centerra. *Id.* at 4–5. Stross then brought this lawsuit alleging Centerra infringed upon his copyrights in the photographs by copying, distributing, and displaying the photographs without his consent. Second Am. Compl. [#30] at 7–9. In response, Centerra filed a counterclaim against Stross and a third-party claim against Murphy and MSI alleging that Stross, Murphy, and MSI—which had since dissolved after forfeiting its corporate charter in February 2015—had acted as real estate brokers or agents for Centerra and had breached related fiduciary duties. Third-Party Compl. [#17] at 5; Resp. [#70] at 3.

A week after filing its claims against Stross, Murphy, and MSI, Centerra contacted Stross's counsel by email and asked counsel to accept service on behalf of MSI. Resp. [#70-1] Ex. A (Email Exhibit) at 2–3. Presumably, Defendants viewed this as a sensible course of action

---

[1] In the interest of consistency, all page citations refer to CM/ECF pagination.

because Stross, the plaintiff in this litigation, served as a managing member of MSI. Instead of accepting service, Stross's counsel asserted, "That company does not exist." *Id*. This response was misleading at best, because under Texas Business Organizations Code § 11.356, a terminated entity "continues in existence" for a period of time after termination for purposes of "prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity." At the hearing, Stross's counsel suggested he was previously unaware of § 11.356, though Stross's current filings rely heavily on that provision as a basis for dismissal of Centerra's counterclaim against MSI. Hr'g Tr. [#74] at 7.

After Stross refused to accept service, Centerra allegedly spent ten months attempting to serve MSI through Murphy before finally deciding it would be easier to just serve Stross. Resp. [#70] at 3–4. It is undisputed that Stross has been aware of Centerra's claims against MSI ever since Centerra filed its third-party complaint in October 2017. Third Party Compl. [#17] at 5–9.

Stross now files a "suggestion" that the Court dismiss MSI from this lawsuit, contending that because MSI no longer exists and because Centerra failed to exercise diligence in serving MSI during the corporate survival period established by Texas Business Organizations Code § 11.356, MSI cannot be sued. Suggestion [#65] at 1–2. In the alternative, Stross suggests that even if MSI does exist for purposes of this suit, this Court lacks supplemental jurisdiction over Centerra's claims against MSI. Suggestion [#65] at 5. Additionally, in spite of Stross's insistence that MSI does not exist, Stross's counsel has also filed a motion to dismiss on behalf of MSI. MSI Mot. Dismiss [#66] at 2. Stross's "suggestion" and MSI's related motion are ripe for review.

Analysis

I.  Stross's Suggestion

Stross suggests Centerra lacks standing to bring claims against MSI because MSI no longer exists. Suggestion [#65] at 2–4. Stross also suggests this Court lacks personal jurisdiction over MSI and supplemental jurisdiction over Centerra's claim against MSI. *Id.* at 4–5.

An initial problem with Stross' suggestion is that it is not a motion, and the Court cannot rule on it. The Court can, however, consider matters of subject matter jurisdiction of its own initiative. *McDonal v. Abbott Labs*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). The Court therefore proceeds to address Stross's arguments on standing and supplemental jurisdiction.

A.  Standing

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To meet the standing requirement a plaintiff must show he has suffered an injury in fact fairly traceable to the challenged action of the defendant and "likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737 (1984); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 561 (1992).

Stross argues Centerra lacks standing to bring claims against MSI because if MSI does not exist and Centerra's claim "has been extinguished under the Texas survival statute," Centerra "cannot establish the element of redressability." Suggestion [#65] at 2–4. Redressability depends

4

on "the causal connection between the alleged injury and the judicial relief requested" and measures the likelihood that the plaintiff's injury will be "redressed by the requested relief." *Allen*, 468 U.S. at 751, 753 n.19. Here, Centerra alleges it has suffered monetary injury as a result of breaches of fiduciary duties committed by Stross, Murphy, and MSI, and to redress this injury, Centerra requests monetary compensation. Second Am. Third-Party Compl. [#42] at 10–11, 13. Stross does not explain how the existence or nonexistence of MSI has any bearing on this relation between Centerra's complained-of injury and requested relief, and the Court concludes Centerra's claim is redressable.

## B. Supplemental Jurisdiction

Stross next suggests this Court cannot exercise supplemental jurisdiction over Centerra's claim against MSI because Centerra did not explicitly invoke 28 U.S.C. § 1367 as a basis for subject matter jurisdiction. Suggestion [#65] at 5. But "the failure to expressly plead supplemental jurisdiction will not defeat it if the facts alleged in the complaint satisfy the jurisdictional requirements." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016). Because Stross has not otherwise explained why the facts of this case do not support subject matter jurisdiction, the Court rejects this suggestion.

## II. MSI's Motion to Dismiss

MSI moves to dismiss Stross's breach of fiduciary duty claim for insufficient service of process. MSI Mot. Dismiss [#66] at 1. Specifically, MSI contends Centerra failed to serve MSI within 90 days of when the third-party complaint was filed as required by Federal Rule of Civil Procedure 4(m). *Id.* at 2–3. Because Centerra would be time-barred from refiling its claim against MSI, dismissal of Centerra's claim against MSI would effectively function as a dismissal with prejudice.

5

This Court has limited discretion to dismiss claims for insufficient service of process where such dismissal would effectively function as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–36 (5th Cir. 2008). Such dismissal is warranted "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotation marks and citations omitted). Courts in the Fifth Circuit generally only dismiss such claims with prejudice when at least one of three aggravating factors are present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (alteration in original) (internal quotation marks omitted).

The Court concludes none of these aggravating factors are present here. Indeed, Stross, a managing member of MSI, has had actual notice of the claims brought against MSI ever since Centerra filed its first third party complaint in October 2017. *See* Third-Party Compl. [#17] at 5. The Court therefore denies MSI's motion to dismiss Centerra's claim against MSI.

Accordingly,

IT IS ORDERED that MSI's Motion to Dismiss [#66] is DENIED.

SIGNED this the 8th day of March 2019.

                                                   SAM SPARKS
                                                   SENIOR UNITED STATES DISTRICT JUDGE