# EXHIBIT D

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                      AUSTIN DIVISION

 3   ALEXANDER STROSS              )
                                   )
 4         Plaintiff,              )
                                   )
 5   vs.                           ) CIVIL ACTION
                                   ) NO. 1:17-cv-676-SS
 6                                 )
     CENTERRA HOMES OF TEXAS, LLC  )
 7   & EUGENE ROWEHL               )
                                   )
 8         Defendants              )

 9

10       ***********************************************

11            ORAL AND VIDEOTAPED DEPOSITION OF

12                     TAMELA THOMPSON

13                    NOVEMBER 16, 2018

14       ***********************************************

15

16     ORAL AND VIDEOTAPED DEPOSITION OF TAMELA THOMPSON,

17   produced as a witness at the instance of the Plaintiff,

18   and duly sworn, was taken in the above-styled and

19   numbered cause on the 16th day of November, 2018, from

20   9:56 a.m. to 11:29 a.m., before Amy Davidson-Enberg, CSR

21   in and for the State of Texas, reported stenographically,

22   at the offices of Wittliff Cutter, PLLC, 1803 West

23   Avenue, Austin, Texas 78701, pursuant to the Federal

24   Rules of Civil Procedure and the provisions stated on the

25   record or attached hereto.
```

1  Q. Explain that to me.

2  A. There was a link that Brittany sent me when she

3  created the listings on MLS, and then an e-mail between

4  Greg and I where we talked about Realtor.com, but nothing

5  that specifically says where I got those and -- yeah.

6  Q. You did not get the photographs from

7  Mr. Stross, did you?

8  A. I did not.

9  Q. And you did not get the photographs directly

10  from Brittany Murphy either, did you?

11  A. She sent me a link to listings, but I did not

12  get -- and in that link there were photos of the homes.

13  Q. Right. She did not provide you with copies of

14  the photos, did she?

15  A. She did not.

16  Q. Okay. And do you have any evidence that can

17  substantiate the possibility that you might have gotten

18  them through the link that she sent you?

19  A. I don't.

20  Q. Okay. But you do have an e-mail suggesting

21  that you got at least some of these photographs from

22  Realtor.com; isn't that right?

23        MR. SABA: Objection; form.

24  A. I have an e-mail where we discussed

25  Realtor.com, but not that we discussed getting the photos

1   from Realtor.com.

2       Q.   (By Mr. McKinney)  Ms. Thompson, are you aware

3   that the naming convention -- and by that I mean if you

4   look at the file name on the second page of Exhibit

5   No. 20, that that file name is exactly the same as the

6   file name used by Realtor.com on each of those

7   photographs.

8       A.   I was not aware.

9       Q.   Are you aware that the resolution of the

10  photographs is exactly the same as the resolution that's

11  used by Realtor.com on their Web site?

12      A.   I was not aware.

13      Q.   Are you aware that the photographs are cropped

14  in exactly the same manner that Realtor.com crops them

15  for use on their Web site?

16      A.   I was not aware.

17      Q.   Okay.  Are you aware that the naming convention

18  does not match the photographs that are stored in the

19  Austin MLS?

20      A.   I was not aware.

21      Q.   Are you aware that the photo resolution does

22  not match the photo resolution of the photographs as

23  stored on the Austin MLS?

24      A.   I was not aware.

25      Q.   And are you aware that the photos are not

1    cropped in a manner that they are used on the Austin MLS?

2       A.   I was not aware.

3       Q.   Knowing all of that information, wouldn't you

4    agree that it's most likely that you obtained these

5    photographs from Realtor.com?

6            MR. SABA:  Objection; form.

7       A.   It's possible.

8       Q.   (By Mr. McKinney)  Okay.  You certainly can't

9    say that you didn't get them from Realtor.com, can you?

10      A.   I don't recall.

11      Q.   Had you ever gotten photographs from

12   Realtor.com before?

13      A.   No.

14      Q.   Had you ever gotten photographs from other on

15   line sources before?

16      A.   No.

17      Q.   Had you ever taken them from the Austin MLS?

18      A.   No.

19      Q.   Okay.  Why did you think you were authorized to

20   go take those photographs from an on line source in this

21   case?

22      A.   Brittany was our sales consultant.  She sent me

23   a link saying -- and said that the photos were good, and

24   since she was our employee selling our homes I felt that

25   they were our photos.

```
 1                  UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
 2                        AUSTIN DIVISION

 3   ALEXANDER STROSS                )
                                     )
 4            Plaintiff,              )
                                     )
 5   vs.                             )  CIVIL ACTION
                                     )  NO. 1:17-cv-676-SS
 6                                   )
     CENTERRA HOMES OF TEXAS, LLC    )
 7   & EUGENE ROWEHL                 )
                                     )
 8            Defendants             )

 9      *********************************************

10                    REPORTER'S CERTIFICATE

11             ORAL AND VIDEOTAPED DEPOSITION OF

12                       TAMELA THOMPSON

13                     NOVEMBER 16, 2018

14      *********************************************
```

15      I, Amy Davidson-Enberg, Certified Shorthand Reporter

16   in and for the State of Texas, hereby certify to the

17   following:

18      That the witness, TAMELA THOMPSON, was duly sworn by

19   the officer and that the transcript of the oral

20   deposition is a true record of the testimony given by the

21   witness;

22      I further certify that pursuant to FRCP Rule

23   30(f)(1) that the signature of the deponent:

24      __X__ was requested by the deponent or a party

25   before the completion of the deposition and returned

1  within 30 days from date of receipt of the transcript.

2  If returned, the attached Changes and Signature Page

3  contains any changes and the reasons therefor;

4       _____ was not requested by the deponent or a party

5  before the completion of the deposition.

6       I further certify that I am neither attorney nor

7  counsel for, related to, nor employed by any of the

8  parties to the action in which this testimony was taken.

9       Further, I am not a relative or employee of any

10 attorney of record in this cause, nor do I have a

11 financial interest in the action.

12      Subscribed and sworn to on this the 29th day of

13 November, 2018.

14

15      *[signature: Amy D. Enberg]*

16      _____
        AMY DAVIDSON-ENBERG, CSR
17      Texas CSR 6033
        Expires:  12/31/19
18      Lexitas - Firm Registration No. 17
        1016 La Posada, Suite 294
19      Austin, Texas  78752
        (512)465-9100
20

21

22

23

24

25